UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 26-80067-CV-DIMITROULEAS**

YOLANDE DOVALUS,

    Petitioner,

v.

PAMELA BONDI, *et al.*,

    Respondents.

_____/

## ORDER DISMISSING 28 U.S.C. § 2241 PETITION AS MOOT

**THIS CAUSE** is before the Court on Petitioner Yolande Dovalus's ("Petitioner") *pro se* Petition for Writ of Habeas Corpus. [ECF No. 1]. Respondents filed a Response to Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. [ECF No. 12]. This Court set a hearing for February 9, 2026. [ECF No. 13]. The Court has considered the Petition, the Response, the record, and is otherwise fully advised in the premises. After careful review, the Petition is DISMISSED as moot.

This Court's jurisdiction is limited to Article III of the Constitution's definition of "cases" or "controversies." *Soliman v. United States ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002). "The doctrine of mootness derives directly from the case or controversy limitation because an action that is moot cannot be characterized as an active case or controversy." *Id.* at 1242 (quotation omitted). The case-or-controversy requirement applies through all stages of the litigation. *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336

(11th Cir. 2001).

For a federal court to have subject matter jurisdiction over a habeas proceeding, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *accord Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). The "in custody" determination is made at the time the § 2241 petition is filed. *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). Where, as here, an alien detainee files a section 2241 petition requesting release from detention or a bond hearing, her case becomes moot, and the court loses jurisdiction, once she is released from custody. *See Djadju v. Vega*, 32 F.4th 1102, 1107 (11th Cir. 2022).

Here, Petitioner satisfied the "in custody" requirement at the time she filed the Petition, but her subsequent release from custody has rendered her Petition moot. Petitioner sought release from ICE custody. [*See* ECF No. 1 at 21]. During the hearing set for February 9, 2026, Respondent informed this Court that Petitioner was deported to Haiti. Because she has now been released, the Court cannot grant such relief, and a case or controversy no longer exists. *See Djadju*, 32 F.4th at 1107 ("Djadju has asked the federal courts for only one form of relief: to be immediately released from custody as a result of his 'ongoing prolonged detention.' Since Djadju already has been released from custody, his prayer for relief has been satisfied."). Furthermore, no exception to the mootness doctrine exists because there is no indication that Petitioner will be returned to ICE custody in the future. *See id*. at 1109 ("[T]here's no reasonable basis for us to believe that Djadju will be re-detained unlawfully upon termination of this suit"); *Al Najjar*, 273 F.3d at 1336 ("The remote possibility that an event might recur is not enough to overcome mootness."). Accordingly, this Court lacks jurisdiction over this case, and dismissal is required. *See Al Najjar*, 273 F.3d at 1336 ("dismissal is required because mootness is jurisdictional.").

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus [**ECF No. 1**] is **DISMISSED** as moot.

2. This case is **CLOSED** and any pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 9th day of February 2026.

WILLIAM P. DIMITROULEAS
United States District Judge

cc: Yolande Dovalus, *pro se*
A#078636011
Richwood Cor Center
180 Pine Bayou Cir NA
Richwood, LA 71202